IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZUMAR H. DUBOSE** | : | CIVIL ACTION |
| *Plaintiff pro se* | : | |
| | : | |
| v. | : | NO. 23-CV-3098 |
| | : | |
| **FDC PHILA (WARDEN)**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                         NOVEMBER 13, 2023

*Pro se* Plaintiff Zumar H. DuBose, an inmate currently housed at the Federal Detention Center in Philadelphia ("FDC Philadelphia"), brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971),[1] alleging that his constitutional rights were violated by the Warden of FDC Philadelphia, ("FDC Warden"), the Federal Bureau of Prisons, ("BOP"), the U.S. Marshal's Service, and the U.S. Attorney General. (*See* Compl. at 2-3.)[2] DuBose also seeks to proceed *in forma pauperis*. For the reasons set forth, the Court will grant DuBose leave to proceed *in forma pauperis* and dismiss his claims with the exception of DuBose's individual capacity claim against the FDC Warden.

---

[1] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

I.      **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**[3]

The allegations in DuBose's Complaint are sparse. DuBose alleges that, since August of 2021, he has been held "without [a]uthority" by the BOP, U.S. Attorney General, and the U.S. Marshal's Service. (Compl. at 5.) He further alleges that between April 18, 2023 and April 24, 2023, he was "unlawfully restrained [at the FDC] . . . without showers, access to counsel, access to telephones, COVID 19 sanitation supplies, visits, law materials, psychiatric treatment, recreation and all programs offered to inmates." (*Id*.) He contends that his detention and conditions of confinement violate the Fourth, Fifth, Sixth, and Eighth Amendments. (*Id*. at 3.) Based on these allegations, DuBose seeks over $100,000,000.00 in monetary damages. (*Id.* at 5.)

The publicly available docket in DuBose's criminal case reveals that DuBose was charged by indictment with ten counts of mail fraud, one count of bank fraud, and one count of conspiracy to commit money laundering.[4] *See United States v. Dubose, et al.*, Crim. A. No. 20-0453 (ECF No. 1.) DuBose was brought before a United States Magistrate Judge on December 4, 2020 for an initial appearance. (*Id.*, ECF No. 6.) He was ordered detained pretrial, pending further proceedings. (*Id.*, ECF Nos. 9-10.) A superseding indictment was filed on August 26, 2021. (*Id.*, ECF No. 79.) After lengthy proceedings that culminated in an eight-day trial presided over by the

---

[3]     The allegations set forth in this Memorandum are taken from DuBose's Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4]     Abdush DuBose, Zumar's brother, was indicted as a co-defendant in the underlying federal prosecution. *See United States v. Abdush Shakur DuBose*, Crim. A. No. 20-0453 (ECF No. 1.) To the extent Zumar refers to his brother Abdush in the instant civil action in an attempt to raise claims on his behalf, Zumar lacks standing to do so, and the Court will not consider any such claims. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.).

Honorable Wendy Beetlestone, a jury returned a guilty verdict against DuBose on May 4, 2023. (*Id.*, ECF Nos. 254, 257.) A sentencing hearing is scheduled for January 17, 2024. (*Id.*, ECF No. 304) The docket reflects that DuBose is being held at the Federal Detention Center pending sentencing.[5]

## II.   STANDARD OF REVIEW

The Court will grant DuBose leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible

---

[5] In addition to his underlying criminal matter, DuBose has filed multiple civil cases related to his arrest and prosecution, as well as the conditions of his confinement at the FDC. *See DuBose v. Lappens, et al.*, Civ. A. No. 22-2835 (*Bivens* claim against individual law enforcement and prosecutorial defendants based on challenge to DuBose's arrest and prosecution); *DuBose v. United States*, Civ. A. No. 23-2107 (*Bivens* claim against the United States based on DuBose's arrest and prosecution); *DuBose v. United States*, Civ. A. No. 23-2155 (FTCA claim against the United States based on conditions of confinement at FDC); *DuBose v. United States*, Civ. A. No. 23-2427 (FTCA claim against the United States based on DuBose's arrest and prosecution).

[6] Because DuBose is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

[] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As DuBose is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

DuBose brings this *Bivens* action against the BOP, Marshal's Service, the U.S. Attorney General and the Warden of FDC Philadelphia. *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in their individual capacities in limited circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). *Bivens* claims may not be brought against the United States and its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Because the BOP and Marshal's Service are federal agencies, they are not subject to suit under *Bivens*. *See Willis v. Fed. Bureau of Prisons*, No. 22-2682, 2022 WL 15525751, at *2 (E.D. Pa. Oct. 27, 2022) (holding that a *Bivens* action may not be pursued against the BOP); *Drayton v. Monmouth Cnty. Corr. Inst. Sheriff's Dep't*, No. 19-22113, 2020 WL 207711, at *2 (D.N.J. Jan. 14, 2020) (finding that the United States Marshal's Service is not a proper defendant in a *Bivens* action).

DuBose also seeks to bring official capacity claims against the U.S. Attorney General and the FDC Warden. However, a *Bivens* action against a federal official in his or her official capacity constitutes an action against the United States, and as noted, *Bivens* claims against the United

States are barred by sovereign immunity absent an explicit waiver. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). Accordingly, DuBose's official capacity claims against the FDC Warden and U.S. Attorney General cannot proceed.

Even construing the Complaint as raising claims against the FDC Warden and U.S. Attorney General in their individual capacities, DuBose has not stated a claim. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)). The Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200; *see Egbert*, 142 S. Ct. at 1809.[7] Because

---

[7] The Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 137 S. Ct. at 1855 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180 (citing *Hernandez*, 140 S. Ct. at 743); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two

expanding *Bivens* is "a 'disfavored' judicial activity," *see Abbasi*, 137 S. Ct. at 1857, a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200. That inquiry involves determining whether the case presents a new context for a *Bivens* claim that has not been recognized by the Supreme Court and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*." *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Abbasi*, 137 S. Ct. at 1857-58. "Whether a *Bivens* claim exists in a particular context is 'antecedent to the other questions presented.'" *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018) (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017)).

Where a *Bivens* remedy exists, a plaintiff must allege the personal involvement of each defendant to state a claim. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)); *see also Mark v. Patton*, 696 F. App'x 579, 582 (3d Cir. 2017) (relying on *Barkes* in the *Bivens* context). "Second, 'a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of

---

years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

and acquiesced' in the subordinate's unconstitutional conduct." *Barkes*, 766 F.3d at 316 (citation omitted). "Particularly after *Iqbal,* the connection between the supervisor's directions and the constitutional deprivation must be sufficient to 'demonstrate a "plausible nexus" or "affirmative link" between the [directions] and the specific deprivation of constitutional rights at issue.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)). This link is established where the allegations of the complaint reflect that the supervisor gave directions that the supervisor knew or should have known would cause others to violate the plaintiff's constitutional rights. *Id.*

Assuming, without deciding, that a *Bivens* remedy could be available here, the Complaint fails to state a claim as pled. DuBose has not alleged the requisite personal involvement of either the FDC Warden or the U.S. Attorney General. DuBose has not alleged that the Warden or U.S. Attorney General gave direction regarding DuBose's arrest, prosecution or confinement at FDC or that they knew or should have known any actions taken by others would violate DuBose's constitutional rights. In fact, to the extent that DuBose has named the U.S. Attorney General for his role in DuBose's criminal prosecution, any claims against the U.S. Attorney General would be barred by absolute prosecutorial immunity. See *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976) (extending prosecutorial immunity to federal prosecutors in *Bivens* actions); *see also Menard v. Mansi*, No. 21-2130, 2021 WL 2156366, at *2 (E.D. Pa. May 27, 2021).

As for the FDC Warden, DuBose's allegations are highly generalized, and appear to rest on the belief that the Warden is liable based on his high-level supervisory position at FDC Philadelphia. However, the fact that the FDC Warden is a high-level prison official generally responsible for running the facility does not adequately allege his personal involvement, whether on an individual or supervisory level. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020)

(*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)); *Figueroa v. Pistro*, Civ. A. No. 21-0041, 2021 WL 601096, at *4 (E.D. Pa. Feb. 16, 2021) (dismissing *Bivens* claims for failure to allege personal involvement where "other than being identified as the Warden at the Philadelphia FDC, there is no other mention of Pistro in Figueroa's Complaint"). Nothing in DuBose's allegations describes how the FDC Warden was personally involved in depriving DuBose of, *inter alia*, access to counsel, showers, telephone usage, treatment, recreation, or other programs, nor does DuBose allege that the Warden directed subordinates to take actions that would knowingly violate DuBose's constitutional rights. Accordingly, DuBose fails to state a plausible claim against the Warden. Cognizant of DuBose's *pro se* status, DuBose will be permitted to amend his claims against the Warden if he can cure the noted deficiencies.[8]

### IV.     CONCLUSION

As set forth more fully above, the Court will grant DuBose leave to proceed *in forma pauperis*, and dismiss his Complaint in part with prejudice and in part without prejudice. The following claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for

---

[8]     DuBose claims that the FDC Warden violated 18 U.S.C. § 4042, which provides, in pertinent part, that the duties of the BOP include "provid[ing] suitable quarters and ... the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States[.]" *See id.* § 4042(a)(2). The United States Court of Appeals for the Third Circuit has ruled that this statute does not confer upon a federal prisoner any express or implied cause of action. *See Davis v. Chambers*, No. 22-02074, 2023 WL 2719460, at *5 (M.D. Pa. Mar. 30, 2023) (citing *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir. 1986)). Thus, any claim based upon alleged violations of 18 U.S.C. § 4042 are without merit and will be dismissed with prejudice for failure to state a claim upon which relief can be granted. *See Natale v. United States*, No. 13-cv-02339, 2014 WL 1281224, at *11 (E.D. Pa. Mar. 28, 2014) (dismissing with prejudice Plaintiff's claim brought under 18 U.S.C. § 4042 since that statute does not create a private right of action against prison officials (citing *Chinchello*, 805 F.2d at 134)).

failure to state a claim: (1) all claims against the BOP, Marshal's Service and U.S. Attorney General; and (2) the official capacity claims against the FDC Warden; and (3) any claims against the FDC Warden pursuant to 18 U.S.C. § 4042.  Amendment of these claims would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints with leave to amend "unless amendment would be inequitable or futile.").  DuBose's remaining individual capacity claims against the FDC Warden based on his conditions of confinement will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and DuBose will be given leave to file an amended complaint to cure the deficiencies noted here.  An appropriate order follows, which provides further instruction as any amendment.

*NITZA QUIÑONES ALEJANDRO, J.*